UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No.: 2:22-cv-00415-APG-VCF |
| Plaintiff | **Order Denying Emergency Motions for Temporary Restraining Order and Preliminary Injunctions** |
| v. | |
| NEWREZ LLC, | [ECF Nos. 20, 21] |
| Defendant | |
| AND ALL RELATED COUNTERCLAIMS | |

  Plaintiff SFR Investments Pool 1, LLC moves for emergency injunctive relief to prevent a foreclosure sale scheduled for May 20, 2022. ECF No. 6.  SFR owns real property located at 68 Magical Mystery Lane in Henderson, Nevada.  Defendant NewRez LLC is the beneficiary under a deed of trust encumbering the property.  NewRez has recorded a notice of trustee's sale.  SFR seeks to enjoin the sale based on its argument that the deed of trust was extinguished under Nevada Revised Statutes (NRS) § 106.240.  NewRez opposes.

  To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

  I deny SFR's motion because it has not shown either a likelihood of success or serious questions on the merits.  The May 2009 recorded notice of default was decelerated by a

September 2011 recorded rescission. ECF Nos. 22-2; 22-3; *see also SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 198 (Nev. 2022) (holding that a recorded rescission decelerates the loan for purposes of NRS § 106.240). SFR contends there is likely an unrecorded acceleration in approximately May 2011, but the September 2011 rescission decelerated the same debt that was the subject of any lender communication in May 2011. Additionally, the Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022). Consequently, the ten-year period to extinguish the lien has not run, so SFR is not likely to succeed and has not shown serious questions on the merits on its claim that the deed of trust was extinguished by operation of NRS § 106.240.

I THEREFORE ORDER that plaintiff SFR Investments Pool 1, LLC's emergency motion for temporary restraining order and preliminary injunction **(ECF Nos. 20, 21) are DENIED**.

DATED this 18th day of May, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE