UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>          Plaintiff<br><br>v.<br><br>NEWREZ LLC,<br><br>          Defendant<br><br>AND ALL RELATED COUNTERCLAIMS | Case No.: 2:22-cv-00415-APG-VCF<br><br>**Order Denying Plaintiff's Motion to Dismiss Counterclaims**<br><br>[ECF Nos. 11/14] |

Plaintiff SFR Investments Pool 1 LLC filed this action in state court to stop a foreclosure sale of its property located at 68 Magical Mystery Lane in Henderson, Nevada. ECF No. 1-1 at 2-24.  SFR asserts claims for violation of Nevada Revised Statutes (NRS) § 107.200 et seq., cancellation of the deed of trust, declaratory relief under NRS § 40.010, cancellation of the notice of default and notice of sale, and wrongful foreclosure.

Defendant NewRez LLC is the servicer of the loan secured by the deed of trust.  NewRez removed this action from state court based on diversity jurisdiction. ECF No. 1-1.  NewRez answered and asserted counterclaims for declaratory relief, tortious interference with contractual relations, abuse of process, slander of title, and, in the alternative to its declaratory relief claim, for an equitable lien. ECF No. 8.

SFR moves to dismiss the counterclaims on various grounds.  I deny the motion.

**I. ANALYSIS**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of

legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Declaratory Relief

SFR argues that NewRez's declaratory relief counterclaim is merely a restatement of NewRez's defenses to SFR's claims. NewRez responds that it has a valid counterclaim for declaratory relief regarding the validity of the deed of trust and its obligations under NRS § 107.200 et seq., and that SFR has not pointed to any law supporting its position.

NewRez seeks affirmative declarations in its favor. SFR cites no authority for the proposition that NewRez cannot assert counterclaims for declaratory relief seeking the inverse of the declarations that SFR is seeking. I therefore deny this portion of SFR's motion.

### B. Tortious Interference with Contractual Relations

SFR contends the tortious interference counterclaim fails because SFR has not interfered with the borrower's performance, given that the borrower defaulted on the loan over ten years ago. NewRez responds that it need not prove that SFR intentionally induced the borrower to breach. Instead, it argues it need allege only that SFR intentionally disrupted the contract between NewRez and the borrowers by thwarting NewRez's remedies under the deed of trust.

To state a claim for intentional interference with contractual relations, a plaintiff must allege (1) a valid and existing contract; (2) the defendant knew of the contract; (3) the defendant engaged in intentional acts intended or designed to disrupt the contractual relationship; (4) the contract was actually disrupted; and (5) resulting damage. *J.J. Indus., LLC v. Bennett*, 71 P.3d

1264, 1267 (Nev. 2003). For the third element, the plaintiff typically "must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff." *Id.* at 1268.

NewRez has not plausibly alleged that SFR intended to induce the borrowers to breach their contract. Rather, the borrowers breached in 2011 when they ceased making mortgage payments. *See* ECF No. 1-1 at 120.

However, NewRez contends that Nevada would look to California law, which allows for a claim where the defendant makes the plaintiff's performance more costly or burdensome. The Supreme Court of Nevada has not addressed this issue. "In the absence of a decision of the highest state court, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *3500 Sepulveda, LLC v. Macy's W. Stores, Inc.*, 980 F.3d 1317, 1326-27 (9th Cir. 2020) (simplified).

The Supreme Court of Nevada often looks to the Restatement for guidance. *See, e.g.*, *J.J. Indus., LLC*, 71 P.3d at 1267 (looking to the Restatement (Second) of Torts). Comment a to § 766A of the Restatement (Second) of Torts recognizes a claim for "intentional interference with the plaintiff's performance of his own contract, either by preventing that performance or making it more expensive or burdensome." *See also* Restatement (Third) of Torts: Liab. for Econ. Harm § 17 cmt. i. (stating that liability may result "from a defendant's interference with the plaintiff's own performance of a contract," either by causing the plaintiff to breach or causing "the plaintiff's performance to become more expensive"); *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 592 (Cal. 1990) (stating that "interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if plaintiff's performance is

made more costly or more burdensome"). I therefore predict that the Supreme Court of Nevada would recognize this form of intentional interference to support a claim. *Cf. Rimini St., Inc. v. Oracle Int'l Corp.*, No. 2:14-CV-1699-LRH-CWH, 2017 WL 5158658, at *6 (D. Nev. Nov. 7, 2017) (holding that allegations that "expenditure of [the plaintiff's] limited resources made its ultimate performance under those contracts more expensive and burdensome" sufficiently stated actual disruption of the contract for an intentional interference claim).

NewRez has alleged that the deed of trust and underlying loan are valid and existing contracts and that SFR knew of those contracts. ECF No. 8 at 14-18. NewRez also alleges that SFR delayed seeking information regarding the loan amount and had no intention of paying off the loan, instead filing this lawsuit and requesting emergency relief to delay NewRez's ability to foreclose under the deed of trust. *Id.* at 16-18. NewRez alleges it has been damaged as a result because it has not been able to resort to a contractual remedy to which it is entitled to recoup the amount the borrowers owe. *Id.* NewRez therefore has plausibly alleged that SFR interfered with the note and deed of trust by making NewRez's ability to resort to contractual remedies more costly or more burdensome. Consequently, I deny SFR's motion to dismiss this counterclaim.

### C. Abuse of Process

SFR argues that the abuse of process counterclaim fails because SFR filed this action to resolve a legal dispute and it has no ulterior motive. NewRez responds that it has adequately alleged that SFR requested information under NRS § 107.200 et seq. solely to stop the foreclosure sale, not because it wanted the information to pay off the debt. NewRez asserts that discovery will show SFR never intended to pay off the loan regardless of what information NewRez provided. NewRez also argues that SFR filed a motion for temporary restraining order based on a meritless argument and pursued meritless claims in the complaint. NewRez contends

4

SFR has acted with the ulterior motive of stalling the foreclosure so it can collect rents in the meantime.

To state an abuse of process claim, NewRez must allege that SFR had an ulterior purpose other than resolving a legal dispute and that SFR engaged in "a willful act in the use of legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quotation omitted). Whether the defendant acted with an ulterior purpose is a question of fact. *Posadas v. City of Reno*, 851 P.2d 438, 445 (Nev. 1993).

NewRez alleges that SFR based its motion to enjoin the sale in part on the fact that NewRez allegedly had not provided the requested payoff information. ECF No. 8 at 19. According to the counterclaim, SFR never intended to satisfy the loan, so basing its injunction motion in part on the alleged lack of payoff information was done not to resolve a genuine legal dispute but to delay foreclosure so SFR could continue to collect rents and to inflict financial injury on NewRez. *Id.* at 16-17, 19. Whether SFR acted with an improper purpose is a question of fact not suitable for resolution at the dismissal stage. I therefore deny SFR's motion on this counterclaim.

**D. Slander of Title**

SFR contends the slander of title counterclaim fails because SFR has not made a false or malicious statement regarding the property's title, as NewRez holds only a lien interest in the property. NewRez responds that there is no Nevada law that limits a slander of title claim to fee simple ownership. It asserts that the claim should apply where the property owner makes false statements that disparage a property interest, such as a lien.

The Supreme Court of Nevada has not addressed whether a slander of title claim can apply to interests in property other than fee simple ownership. However, as discussed above,

that court often looks to the Restatement for guidance.  Under the Restatement (Second) of Torts § 624, a plaintiff may assert a tort for "the publication of a false statement disparaging another's property rights in land, chattels or intangible things, that the publisher should recognize as likely to result in pecuniary harm to the other through the conduct of third persons in respect to the other's interests in the property."  Comment c to § 624 states that "[a]ny kind of legally protected interest in land, chattels or intangible things may be disparaged if the interest is transferable and therefore salable or otherwise capable of profitable disposal."  I therefore predict the Supreme Court of Nevada would allow a slander of title claim for disparagement of a lien, which is a legally protectable, transferable interest in land.  As a result, I deny SFR's motion to dismiss this counterclaim.

### E.  Equitable Lien

SFR contends an equitable lien does not apply to the facts of this case because an equitable lien may arise only when the defendant wrongfully uses the plaintiff's money to buy real property.  NewRez responds that an equitable lien is not limited to those circumstances and may be an appropriate remedy if the deed of trust is extinguished and SFR gains a windfall.

The Supreme Court of Nevada has considered the applicability of an equitable lien under circumstances unrelated to the wrongful use of funds to purchase property. *See Com. Credit Corp. v. Matthews*, 365 P.2d 303, 307-08 (Nev. 1961); *Gralnick v. Rowe-Gralnick*, No. 67928, 132 Nev. 973, 2016 WL 2851883, at *1 (Nev. 2016).  The Supreme Court of Nevada did not deny the equitable liens in those cases on the basis that equitable liens are limited to the circumstances of the defendant wrongfully using the plaintiff's money to buy real property. *See Com. Credit Corp.*, 365 P.2d at 307-08; *Gralnick*, 2016 WL 2851883, at *1.  It thus does not appear that Nevada law limits equitable liens only to situations where the defendant uses the

plaintiff's money to buy real property.  Because this is the only basis for SFR's motion to dismiss this counterclaim, I deny the motion.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff SFR Investments Pool 1, LLC's motion to dismiss **(ECF Nos. 11/14) is DENIED**.

DATED this 15th day of September, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE